S. F. HARPER v. R. D. McCOMBS et al.

*Vendor and Vendee—Contract to Convey Land—Lien.*

The vendor, in an executory contract to convey land, may, after the death of the vendee, maintain an action against the vendee's heirs at law and representatives to enforce his lien for the purchase-money without proceeding first against the administrator; and a purchaser at a sale made under a judgment in such action will acquire the legal and the equitable title of the parties.

Issues arising from a SPECIAL PROCEEDING for partition, tried at Fall Term, 1891, of BURKE Superior Court, *Bynum, J.*, presiding.

It appears, from the case stated, that John R. Sudderth, at the time of his death in 1874, was the owner of the land presently to be mentioned; that he died intestate and that an undivided one-fourth interest in these lands descended to W. H. Powell and J. M. Powell; that about 1880 the latter contracted to sell and convey their said interest to W. S. Sudderth, when he should pay the purchase-money in full. The latter died in 1885 intestate, and the appellant was appointed administrator of his estate. It seems that he paid part of the purchase-money in his life-time. After his death the said Powells brought their action to recover the balance of the purchase-money due them, and to enforce their lien upon the land for the same. The appellant administrator of W. S. Sudderth, the heirs of the latter and his widow, were made parties defendant in that action, and therein, by consent of parties, a judgment was entered in favor of the plaintiffs for $300 and costs; the same was declared to be a lien upon the said one-fourth interest in the land, and it was directed that a proper deed be executed when the judgment and costs should be paid.

It further appears that the defendants in that action did not pay the said judgment, and an execution issued thereupon was returned unsatisfied. A second execution, with a *vend. ex.* clause, reciting the judgment lien was issued and the said interest in the land was sold, the present plaintiff becoming the purchaser, and he took the deed of the Sheriff for the same. Afterwards, and before the bringing of this special proceeding, the said Powells executed to the plaintiff, who so purchased at the Sheriff's sale, a deed purporting to convey to him title in them for the said one-fourth interest.

The present plaintiff, who so purchased the said interest in the land mentioned, brings this special proceeding against

the defendants, who are tenants in common with him, to compel partition of this land. As to issues of fact raised by the pleadings, a jury trial was waived and " the case was submitted to the Court, and tried upon the single question as to the validity of the title of J. F. Harper (the plaintiff) to a one-fourth interest in the lands described in the petition."

The appellant Hallyburton, administrator of W. S. Sudderth, asked the Court to adjudge upon the facts agreed upon as above stated that the said one-fourth interest in the land, claimed by the plaintiff, "descended with the encumbrance of the unpaid purchase-money to the heirs at law of said W. S. Sudderth, and were to be administered if the needs of the estate required them for assets, in the ordinary course of administration " by himself, and that under the "consent judgment," above referred to, no special remedy was given the said Powells over other creditors of his intestate to collect their debt by execution; that the sum was to be paid in the regular course of administration. The Court declined to so hold, but adjudged that the plaintiff had title for the said one-fourth interest, and gave judgment directing that partition be made, etc., and the said administrator appealed.

Mr. J. T. Perkins, for plaintiff.
Mr. John Devereux, Jr., for defendant.

MERRIMON, C. J.—after stating case: The appellant administrator was allowed irregularly and improperly to come into this special proceeding and contest the plaintiff's title as one of the tenants in common of the land described in the pleadings. This was done by consent of parties, and as the Court had jurisdiction of the parties and the subject-matter of the litigation, its orders and judgments will be operative and binding upon the parties to the record, but such practice and procedure should not be tolerated, much less encouraged by the Courts. As we have repeatedly said, it is not simply

irregular, but it is subversive of just procedure and good practice, and never fails to give rise to more or less confusion and dissatisfaction.   The record here is confused, and we have found it difficult to reach the merits of the questions intended to be presented for our decision, if indeed, we have been entirely successful in our efforts to do so.

It is conceded that the Powells named had a vendor's lien upon the land described in the pleadings to the extent of the undivided one fourth interest therein, which they sold to the intestate of the appellant in his life-time.   They had the right to enforce that lien in any appropriate action for the purpose, after as well as before the death of the vendee. They might have gone against the latter's administrator and compelled him to pay their debt if he had assets sufficient for that purpose, but they were not bound to do so.   The administrator might—perhaps ought—to have paid their debt, but he failed to do so, and they properly brought their action against the heirs of the deceased vendee, his administrator and widow, to avail themselves of their lien.   The Court in that action had complete jurisdiction and authority to ascertain, declare and enforce the lien as it did so.   It appears that a judgment for three hundred dollars and costs was entered, and therein the lien upon the land as to the one fourth interest therein was declared, and afterwards that interest was sold in pursuance of the judgment by the Sheriff.   The plaintiff was the purchaser, he paid the purchase-money and took the Sheriff's deed, which it must be assumed was a proper one.   Afterwards the vendors, the Powells, executed a deed to the plaintiff, as they might do, and thus the title of the intestate, whether equitable or legal, or that which descended to his heirs, passed to the plaintiff.   Moreover, the heirs of the vendee, his widow and the present appellant, his administrator, were parties to that action, and are estopped as to any rights they may have had that came within the just scope of the action and the judgment therein.   The

very purpose of it was to ascertain and enforce the lien and conclude the parties thereto.

It is true the heirs of the vendee might, at the appropriate time and in a proper way, have required his administrator to pay the balance of the purchase-money, if he had assets sufficient to be so applied, to the end they might have received the complete legal as well as the equitable title from the vendors, but they did not do so, and they, as well as the administrator, are concluded as above indicated.

No doubt, if the interest in the land was sold for a sum of money more than sufficient to pay the balance of the purchase-money and costs, the appellant might, if need be, by some appropriate proceeding, have availed himself of that surplus as assets for the payment of the debts of his intestate. It does not appear that there was any such surplus, and no question in that respect is presented.

Affirmed.